Chief Judge Fuld (dissenting).
The dramatic presentation of a lone suspect to the two witnesses in a hospital is precisely the sort of ‘ ‘ grossly and unnecessarily suggestive ’ ’ identification technique which this court has condemned. (See, e.g., People v. Ballott, 20 N Y 2d 600, 607; People v. Brown, 20 N Y 2d 238, 243-244; see, also, Stovall v. Denno, 388 U. S. 293, *456 301-302.) Although we may not say, as a matter of law, that the witnesses would not have been able to identify the defendant at the trial without the aid of this previous identification, we may not, on the other hand, conclude — as we did in the Brown case (20 N Y 2d 238, supra) —that the three minutes, during which the robbers were in the witnesses’ presence at the time the crime was committed, afforded them so “ ample [an] opportunity to observe the defendant” that “it is manifest that [their] courtroom testimony identifying him was not based on, or tainted by, the potentially misleading circumstances of [their] earlier identification ” (p. 244).
The case, therefore, should be remanded for a hearing to determine whether or not the in-court identification was, in fact, based upon observations of the suspect other than the hospital identification.
Judges Scileppi, Breitel and Jasen concur with Judge Bergan; Chief Judge Fuld dissents and votes to reverse in an opinion in which Judges Burke and Keating concur.
Judgment affirmed.